UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDGAR MUNOZ AVENDANO,

        Petitioner,

      v.                            Case No.: 2:25-cv-01221-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are Edgar Munoz Avendano's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9). For the below reasons, the Court grants the petition.

Munoz Avendano is a native and citizen of Mexico who entered the country without inspection in 2006. He was involved in a traffic accident on November 6, 2025, and local law enforcement arrested him for driving without a license. Immigration and Customs Enforcement ("ICE") learned of Munoz Avendano's detention and commenced removal proceedings by issuing a notice to appear. ICE took custody of Munoz Avendano on December 22, 2025, and determined he is not entitled to a bond hearing. He remains detained at the facility known as Alligator Alcatraz.

Munoz Avendano claims he is entitled to a bond hearing as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* court defined the class as follows:

> **Bond Eligible Class:** All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32. The court found the Department of Homeland Security's policy of categorically denying bond hearings to the class members unlawful, vacated the policy, and entered declaratory judgment in the class's favor. The parties disagree whether *Maldonado Bautista* should be given preclusive effect because the judgment is currently pending on appeal. But even without *Maldonado Bautista*, the Court finds Munoz Avendano entitled to habeas relief.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Munoz Avendano. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Munoz Avendano asks the Court

to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in prior cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Munoz Avendano's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Munoz Avendano has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Munoz Avendano before an immigration judge for a bond hearing or release him within ten days. The respondents note that the Executive Office for Immigration Review is the agency that schedules bond hearings, and they ask the Court to limit any relief to actions and deadlines within ICE's control. So to be clear, it is the Court's ruling that subjecting Munoz Avendano to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Munoz Avendano receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Edgar Munoz Avendano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within ten days of this Order, the respondents shall either (1) bring Munoz Avendano for an individualized bond hearing before an immigration judge or (2) release Munoz Avendano under reasonable conditions of supervision. If the respondents release Munoz Avendano, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1